Julie SCHEETZ, Roy Scheetz, and Lisa Scheetz, Surviving Minor Natural Children of Allen B. Scheetz, By and Through their mother, Georgia Scheetz HANDELAND, as Guardian ad Litem, Plaintiffs,

v.

BRIDGESTONE/FIRESTONE, INC., a subsidiary of Bridgestone Corporation of Japan (Formerly Known as Firestone Tire & Rubber Company) and the Ford Motor Company, Defendants.

No. CV-93-006-GF.

United States District Court,
D. Montana,
Great Falls Division.

Dec. 14, 1993.

John C. Risjord, Randy W. James, Aaron N. Woods, Donald W. Molloy, Donald W. Molloy, Ltd., Billings, MT, for plaintiffs.

Maxon R. Davis, Cure, Borer & Davis, PC, Great Falls, MT, Frances E. Prell, Thomas R. Woodrow, Burke, Bosselman & Weaver, Chicago, IL, for Bridgestone/Firestone, Inc.

John D. Stephenson, Jardine, Stephenson, Blewett & Weaver, Great Falls, MT, for Ford Motor Co.

## MEMORANDUM AND ORDER

HATFIELD, Chief Judge.

### BACKGROUND

The present products liability action was assigned, pursuant to Fed.R.Civ.P. 72 and Rules 105–2(c) and 400–1, RULES OF PROCEDURE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, to the Honorable Robert M. Holter, United States Magistrate Judge for the District of Montana, for the purpose of conducting all pretrial proceedings and resolving all pretrial matters not dispositive of a claim or defense of any party. The matter is presently before the undersigned upon objection filed by the plaintiffs, pursuant to Fed.R.Civ.P. 72(a), assigning error to an order entered by Magistrate Judge Holter denying a motion to compel presented by the plaintiffs. The subject motion seeks to compel the defendant, Bridgestone/Firestone, Inc. (hereinafter referred to as "Bridgestone/Firestone"), to file a pre-discovery disclosure statement sufficient to satisfy the prescriptions of Rule 200–5(a), RULES OF PROCEDURE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA.[1]

The plaintiffs contend the disclosure statement served and filed by Bridgestone/Firestone fails to comply with the requirements of Rule 200–5 because it is deficient in the following respects:

First, the statement does not contain the factual basis of every defense advanced by the defendants;

Second, the statement does not identify all persons known or believed to have discoverable information about the claims or defenses, together with a summary of that information; and

Third, the statement fails to give a description including the location and custo-

---

1. Rule 200–5(a) provides, in its entirety, as follows:

   (a) Pre–Discovery Disclosure

   (1) Except with leave of court, a party may not seek discovery from any source before making an appropriate pre-discovery disclosure and may not seek discovery from another party before serving that party with an appropriate disclosure. A party may serve written interrogatories upon a party simultaneously with service of the required disclosure statement upon that party. Every party shall serve an appropriate disclosure not later than fifteen (15) days in advance of the preliminary pretrial conference.

   The disclosure shall contain the following information:

   (i) the factual basis of every claim or defense advanced by the disclosing party. In the event of multiple claims or defenses, the factual basis for each claim or defense.

   (ii) the legal theory upon which each claim or defense is based including, where necessary for a reasonable understanding of the claim or defense, citations of pertinent legal or case authorities.

   (iii) the identity of all persons known or believed to have discoverable information about the claims or defenses, and a summary of that information.

   (iv) a description, including the location and custodian of any tangible evidence or relevant documents that are reasonably likely to bear on the claims or defenses;

   (v) a computation of any damages claimed; and

   (vi) the substance of any insurance agreement that may cover any resulting judgment.

   (2) Supplementation of Disclosure—The disclosure obligation is reciprocal and continues throughout the case. A party who has made a pre-discovery disclosure is under a duty to seasonably supplement or correct the disclosure if the party learns that the information disclosed is not complete and correct or is no longer complete and correct.

   (3) Signing of Disclosure—Every mandatory disclosure or supplement made by a party represented by an attorney shall be signed by at least one attorney of record. A party who is not represented by an attorney shall sign the disclosure. The signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information, and belief, formed after reasonable inquiry, the disclosure is complete as of the time it was made. Rule 200–5 was promulgated under authority of 28 U.S.C. § 2071 and in accordance with the procedural requirements of Fed.R.Civ.P. 83.

dian of tangible evidence and relevant documents that bear upon claims or defenses.

Bridgestone/Firestone retorts that its disclosure statement satisfies the "spirit" of Rule 200–5 and that plaintiffs' reliance upon the rule is simple "gamesmanship".

Magistrate Judge Holter, having reviewed the initial pre-discovery disclosure statement of Bridgestone/Firestone, together with the supplement to that statement, concluded, without discussion, the statement complied with Rule 200–5. The order is reviewed for clear error. Fed.R.Civ.P. 72(a).

## DISCUSSION

The plaintiffs' objection calls upon the court to construe the mandate of Rule 200–5(a) in the context of litigation properly characterized as "complex". In view of the somewhat novel nature of mandatory pre-discovery disclosure, the task would, at first blush, appear formidable. However, when one reviews the language of Rule 200–5, in conjunction with the Civil Justice Expense and Delay Reduction Plan of the District of Montana, not only does the task prove significantly less onerous, but the error of the defendants' position becomes evident.

On April 1, 1992, the District of Montana adopted a comprehensive Civil Justice Expense and Delay Reduction Plan (the "Plan"). The Plan was implemented in response to the mandate of the Civil Justice Reform Act of 1990 (28 U.S.C. §§ 471 et seq.) (hereinafter "CJRA"). Consistent with the express directive of the CJRA, specifically 28 U.S.C. § 473(b), the court, in consultation with the Advisory Group appointed under the CJRA (28 U.S.C. § 478), considered the principles and guidelines of litigation management and cost and delay reduction specifically delineated in 28 U.S.C. § 473. One of the principles

considered by the court in its formulation of the Plan was that principle specifically set forth at 28 U.S.C. § 473(a)(4):

> Encouragement of cost-effective discovery through voluntary exchange of information among litigants and their attorneys and through the use of cooperative discovery devices.

Following the express recommendation of the Advisory Group that the Plan require the prompt disclosure of information in the form of a "pre-discovery disclosure" statement, see, Part V, E, REPORT OF THE CIVIL JUSTICE REFORM ACT ADVISORY GROUP, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA (Aug. 1991), the court promulgated Rule 200–5 in conjunction with its adoption of the Plan. Rule 200–5 provides, in essence, that a party may not seek discovery from another party before serving that party with an appropriate pre-discovery disclosure statement. "The intent of the provision is to ensure that the specifically delineated items of information are promptly disclosed early in the course of litigation, avoiding unnecessary and protracted discovery and to enhance the prospect of early resolution through settlement." COMMENT to Part IV, *Control of Discovery*, CIVIL JUSTICE EXPENSE AND DELAY REDUCTION PLAN FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA (Adopted April 1, 1992). The obligation created by Rule 200–5(a) must be defined and, accordingly, the language of the various provisions of the rule construed in a manner which will effect the Rule's intended purpose, *i.e.*, the avoidance of unnecessary and protracted discovery through the mandatory exchange of essential information.[2]

The present dispute places subsections (i), (iii) and (iv) of Rule 200–5(a)(1) under scruti-

---

**2.** Enactment of the CJRA was prompted by the delay and excessive cost attendant to civil litigation in the federal courts. As noted by the Honorable Joseph R. Biden, Chairman of the Senate Judiciary Committee, the legislative challenge presented by the problems of delay and excessive cost was "to formulate proposals that would effectively bridge the growing distance between the promise of [Fed.R.Civ.P. 1]—'the just, speedy, and inexpensive determination of every action'— and the reality of a system becoming increasingly inaccessible to the average citizen." *Equal, Ac-*

*cessible, Affordable Justice Under Law: The Civil Justice Reform Act of 1990*, Joseph R. Biden, Jr., CORNELL JOURNAL OF LAW AND PUBLIC POLICY, Vol. 1, pg. 1 (1992). The discovery provisions of the Montana Plan, like the discovery provisions of the Federal Rules of Civil Procedure, "are subject to the injunction of Rule 1 that they 'be construed to secure the just, *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979).

ny, and calls upon the court to construe the terms of those subsections, both generally and with specific reference to the facts and circumstances of this case.[3] In order that the dispute is placed in its proper perspective, analysis begins with a review of the circumstances underlying the case.

■ The product at issue in this action is the now notorious RH5° rim, a multi-piece wheel assembly designed, manufactured and marketed by the predecessor in interest of Bridgestone/Firestone, Firestone Tire & Rubber Company (hereinafter "Firestone"). Litigation involving the RH5° assembly has spanned a period of time in excess of a decade, and included multi-district litigation that occurred in the 1970's. Plaintiffs' counsel in the present case, Mr. John Risjord, was, in fact, lead plaintiffs' counsel in the multi-district litigation and has prosecuted numerous cases involving the RH5° assembly. The controversy which exists between the parties regarding the proper interpretation to be afforded Rule 200–5 may be said to have its genesis in the fact that Mr. Risjord has represented numerous plaintiffs in the prosecution of actions against Firestone, and its successor, for damages allegedly sustained as a result of the defective design of the RH5° assembly. This conclusion is borne out by the fact that Bridgestone/Firestone frames the determinative issue as follows: "Whether Firestone should be compelled under the circumstances of this case ... to identify in any greater detail historical witnesses or categories and locations of historical documents about which plaintiffs' counsel not only possesses full knowledge, but has also previously deposed the witnesses themselves (or at least had the opportunity to depose them) and reviewed and selected copies of the documents."

■ Contrary to the suggestion of Bridgestone/Firestone, however, the fact the plaintiffs in this case are represented by counsel who has participated in innumerable cases involving the RH5° assembly is irrelevant to a determination as to the sufficiency of the defendants' disclosure statement. Simply stated, Mr. Risjord's involvement in the present case does not operate to relieve Bridgestone/Firestone from complying with the mandate of Rule 200–5.

The COMMENT to Part IV, (B)(1) of the Plan notes that the mandatory pre-discovery disclosure requirement was patterned after the proposed amendment to Fed.R.Civ.P. 26 as set forth in the Preliminary Draft of the Proposed Amendments of the Federal Rules of Civil Procedure and Federal Rules of Evidence, August 1991. The Rule requires litigants to disclose specified core information about the case; namely, potential witnesses, documentary evidence, damage claims, and insurance. The objectives of subpart B(1), and accordingly of Rule 200–5(a), are the same as those which underly the amendments to the Federal Rules of Civil Procedure approved by both the Advisory Committee on Civil Rules on April 15, 1992, and the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States in September of 1992, *i.e.*, the elimination of the time and expense of preparing formal discovery requests with respect to that information and to enable the parties to plan more effectively for the discovery that would be needed. *See, Issues and Changes,* Attachment B to letter from Advisory Committee on Civil Rules to Robert E. Keeton, Chairman, Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (May 1, 1992).[4]

■ A reading of Rule 200–5, in its entirety, evinces that the initial disclosure of a party must, at the very least, identify those potential witnesses and documents which would support each claim for relief asserted

---

**3.** Fed.R.Civ.P. 26 (amended December 1, 1993), likewise contemplates this broad disclosure, as the Committee Notes to the Rule reflect in the following terms:

Rule 26(a)(1)(A) requires identification of all persons who, based on the investigation conducted thus far, are likely to have discoverable information relevant to the factual disputes between the parties. All persons with such information should be disclosed, whether or not their testimony will be supportive of the position of the disclosing party. As officers of the court, counsel are expected to disclose the identity of those persons who may be used by them as witnesses or who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties.

**4.** The August 1991 published draft of proposed Rule 26(a)(1)(A) called for parties to identify "each individual likely to have information that

by the disclosing party, or every defense asserted by the disclosing party to any claim for relief advanced against that party in any pleading. However, contrary to the suggestion of Bridgestone/Firestone, the initial disclosure required by Rule 200–5 is not limited to identifying those potential witnesses and documents supporting the disclosing party's contentions. Rather, the obligation imposed by the rule requires the disclosure of the identity of all potential witnesses, documents and tangible evidence that are relevant to the disputed facts as framed by the pleadings.[5]

Rule 200–5(a) imposes upon the defendant in this case, Bridgestone/Firestone, *inter alia,* the following obligations: First, to identify all persons known or believed to have discoverable information that would bear upon the claim asserted by the plaintiff in this action, *i.e.,* that the RH5° assembly, at the time it left the hands of Firestone, was in a defective condition, unreasonably dangerous to the ultimate user or consumer of the RH5° assembly, or any defense to that claim.[6] Together with identifying those per-

sons, Bridgestone/Firestone must provide a summary of the information each person possesses. Second, to provide a description of all tangible evidence and documents that are reasonably likely to bear on the claim advanced by the plaintiff and the defenses asserted to that claim. With regard to each item of tangible evidence and document Bridgestone/Firestone shall set forth the location of the tangible item or document and the individual who has custody of that item or document.

Rule 200–5(a)(1)(iii) and (iv) obviously derive from Fed.R.Civ.P. 26(b)(1).[7] Consistent with the goal of the CJRA, Rule 200–5(a)(1) simply required a party to provide the designated information, to the extent known to the party, without the necessity of formal discovery requests being served upon that party by the adverse party. The mandatory disclosure rule was identified by the CJRA Advisory Group as an effective tool to reduce the "unnecessary cost and delay attendant civil litigation in this District ... [which is] primarily attributable to excessive and protract-

bears significantly on any claims or defense." The language subsequently approved on April 15, 1992, by the Advisory Committee on Civil Rules and approved by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States calls for the parties to identify "each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings." The change "was made primarily at the insistence of many commentators who objected to the lack of use of familiar terms such as 'relevancy' or 'discoverable information' to the problems created by the vague allegations tolerated under notice pleading, and to the imposition of a duty to exercise judgment, arguably conflicting with an attorney's responsibility to a client, in identifying which potential witnesses would be most beneficial to an adversary." *See,* Section V, Amendments to the Federal Rules of Civil Procedure and Forms, fn 3, REPORT OF THE JUDICIAL CONFERENCE COMMITTEE ON RULES OF PRACTICE AND PROCEDURE, September 1992.

The language utilized in Rule 200–5, in essence, is akin to the language of Fed.R.Civ.P. 26(a)(1)(A) (amended December 1, 1993).

5. This construction of Rule 200–5 is consistent with the view adopted by the Advisory Committee on Civil Rules regarding the obligation of mandatory disclosure created by the proposed amendments to Fed.R.Civ.P. 26. *See, Issues and Changes,* Attachment B to Letter from Advisory Committee on Civil Rules to Robert E. Keeton,

Chairman, Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (May 1, 1992). In relation to its April 15, 1992, approval of the proposed amendments to Fed.R.Civ.P. 26, the Advisory Committee offered the following observation: "One committee member preferred, as suggested by many critics, that initial disclosures be limited to potential witnesses and documents supporting the parties' contentions; the other members, however, remained of the view that the obligation should relate to all such witnesses and documents." *Id.*

6. *See, Brown v. North American Manufacturing,* 176 Mont. 98, 576 P.2d 711 (1978); *Streich v. Hilton–Davis,* 214 Mont. 44, 692 P.2d 440 (1984).

7. Fed.R.Civ.P. 26(b)(1) provides:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, *whether it relates to a claim or defense of the party seeking discovery or to the claim or defense of any other party,* including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. (emphasis supplied).

ed discovery disputes." Part V, E, COMMENT, *Report of the Civil Justice Reform Act Advisory Group, United States District Court for the District of Montana* (August 1991).

Bridgestone/Firestone shall not be allowed to effectively defeat the goal of the Plan, and necessarily the CJRA, through the mere expediency of declaring that counsel for the adverse party is aware of the information falling within the purview of Rule 200–5(a)(1)(iii) and (iv).[8] With regard to the first category of information, Bridgestone/Firestone shall identify all individuals presently known to that entity who are likely to have discoverable information relevant to the factual disputes between the parties, together with a summary of the information sufficient to assist the plaintiffs in determining whether further discovery from that person would be necessary to the preparation of the plaintiff's case. Cognizant of the extensive litigation involving the RH5° rim assembly that has occurred, the court acknowledges a more definitive statement regarding classes of persons that must be disclosed in the initial disclosure statement is necessary. The classes of persons to be identified in a particular case will undoubtedly depend upon the nature of the case. In an action whose essential nature is founded in tort, Rule 200–5 certainly contemplates that the disclosing party will identify all percipient witnesses to the transaction in which the plaintiff's claims have their genesis. In a case such as the present, where liability in tort is founded upon a theory of strict liability, Rule 220 also contemplates the defendant will disclose all individuals in affiliation with the defendant who possess knowledge relevant to a resolution of the factual disputes inherent in the allegation that a product was defectively designed and/or manufactured, and the defenses asserted to those allegations.[9]

The second category of information that Bridgestone/Firestone must provide is that information which describes the location and custodian of documents and other tangible evidence that are reasonably likely to bear on the claims or defenses. This requirement of Rule 200–5 is essentially identical to the requirement imposed by Fed.R.Civ.P. 26(a)(1)(B) (amended December 1, 1993), and requires:

> [T]he disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid squabbles resulting from the wording of the request. As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contention in the case.

Committee Notes, Fed.R.Civ.P. 26 (amended December 1, 1993).

However, Rule 200–5(a)(1)(iv) differs from Fed.R.Civ.P. 26(a)(1)(B) (amended December 1, 1993), in that the former does not express-

---

**8.** The proposed amendment to Fed.R.Civ.P. 26 requiring mandatory early pre-discovery disclosure has "provoked the most intense division within the bench and bar of any of the proposed amendments [to the Federal Rules of Civil Procedure]." *See, Issues and Changes,* Attachment B to letter from Advisory Committee on Civil Rules to Robert E. Keeton, Chairman, Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States (May 1, 1992). Perhaps, the critics of the mandatory pre-discovery disclosure may ultimately be vindicated in their assertion that the notion of cooperative discovery will prove counter-productive to the goals of efficiency and expediency envisioned by the CJRA. However, an informed decision as to whether or not this cooperative discovery technique will operate to reduce cost and delay can only be made with the assistance of empirical data.

**9.** The court emphasizes the affiliation requirement serves to modify the latter class of individuals in a manner necessary to establish reasonable limits upon the disclosure requirement. With specific reference to the defendant in a product liability action, Rule 220 contemplates disclosure of appropriate individuals who were, at the time pertinent to the development and manufacture of the product, employees, agents, independent contractors, etc., of the defendant. This class includes those individuals who have been previously retained or specially employed by the defendant to provide expert testimony in similar litigation involving the same product.

ly limit the description to those documents, etc., that are in the possession, custody or control of the disclosing party. Rule 200–5(a)(1)(iv) requires a broader disclosure and contemplates a disclosure of documents and other tangible things in the possession, custody, or control of the disclosing party and any individual or entity affiliated with the disclosing party.

Therefore, for the reasons set forth herein,

IT IS HEREBY ORDERED that the defendant Bridgestone/Firestone, Inc., shall, within twenty (20) days of the date hereof, file a supplemental pre-discovery disclosure statement that satisfies the prescriptions of Rule 200–5, RULES OF PROCEDURE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, as those prescriptions are more specifically delineated herein.

IT IS FURTHER ORDERED that the plaintiff's motion for sanctions be, and the same hereby is DENIED.